IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA KEITH ROBERSON, <br> TDCJ #1567131, <br><br> Petitioner, <br><br> v. <br><br> RICK THALER, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-10-4788 |

## **MEMORANDUM AND ORDER**

State inmate Joshua Keith Roberson (TDCJ #1567131) seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction. The respondent has answered with a motion for summary judgment, arguing that Roberson is not entitled to the relief he seeks [Doc. # 8]. Roberson has filed a reply [Doc. # 9]. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion, denies the petition, and dismisses this case for reasons that follow.

### I. BACKGROUND

On December 18, 2007, a local grand jury returned an indictment against Roberson in cause number 1136749, charging him with aggravated sexual assault of a child younger than 14 years of age. Specifically, Roberson was accused of sexually assaulting the complainant ("J.H.") on or about July 15, 2002, by placing his sexual organ in the complainant's anus. Roberson was also accused in three additional indictments of sexually

assaulting two other children ("S.B." and "J.B."). The State offered to dismiss those cases (cause numbers 1136751, 1136752, 1136753) against Roberson and place him on deferred adjudication community supervision (*i.e.*, probation) for a term of 6 years if he agreed to plead guilty in cause number 1136749. On January 26, 2009, Roberson accepted the State's offer and entered a guilty plea in open court pursuant to a written plea agreement (the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession"). In doing so, Roberson waived his right to appeal. In compliance with the written plea agreement, the trial court deferred an adjudication of guilt and imposed a 6-year term of probation.[1] The terms of supervision imposed by the trial court included compliance with counseling or treatment provisions, registration requirements, and other restrictions imposed on sex offenders.

Roberson did not comply with the terms of community supervision. Less than three months after Roberson entered his plea in cause number 1136749, the State of Texas filed a motion to revoke his probation and to adjudicate his guilt of the underlying offense. In that motion, the State alleged that Roberson violated a condition of his supervised release that required him "to avoid contact with any minor under the age of seventeen (17)." According

---

[1] The deferred adjudication statute provides that the judge "may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision." TEX. CODE CRIM. PROC. art. 42.12, § 5(a). Thus, deferred adjudication is not a conviction. *See McDougal v. State*, 610 S.W.2d 509 (Tex. Crim. App. 1981). If a defendant fails to comply with the terms of community supervision, the State may file a motion to revoke probation and adjudicate guilt. "Only upon revocation (*i.e.*, adjudication of guilt) does a deferred adjudication become a conviction." *Jordan v. State*, 36 S.W.3d 871, 876 (Tex. Crim. App. 2001).

to the State, Roberson admitted to his probation officer that he violated the conditions of his release by having "sexual contact" with a "thirteen (13) year old minor[.]" The trial court promptly appointed a different attorney to represent Roberson for purposes of a revocation proceeding. After consulting with his new attorney, Roberson waived a hearing and agreed to enter a plea of "true" to the allegations made in the State's motion. On March 17, 2009, the trial court accepted Roberson's plea of true, adjudicated him guilty of the underlying offense of aggravated sexual assault of a child in cause number 1136749, and sentenced Roberson to a 6-year term of imprisonment pursuant to his plea agreement with the State.

     Roberson did not pursue a direct appeal. Instead, he attempted to challenge his conviction by filing a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure. In that application, Roberson claimed that he was denied effective assistance of counsel because his original defense attorney (Marcelyn Curry) was unprepared for trial. Specifically, Roberson claimed that Curry lacked a firm command of the facts, that she failed to conduct an adequate investigation, and that she failed to call four witnesses (Monique Moore, Monica Moore, Ashley Williams, and Gabrielle Roberson) who would have testified that the complainant ("J.H.") was a troublesome, untruthful child. Roberson, who presented statements from each of the proposed witnesses, argued further that he was denied "compulsory process" for obtaining evidence of his "actual innocence" as the result of his attorney's deficient performance. Roberson also complained that his revocation proceeding attorney (Sylvia Escobedo) was deficient because she did not advise him of his

right to appeal after the trial court adjudged him guilty on March 17, 2009, which resulted in the 6-year prison sentence.

Both Curry and Escobedo provided affidavits in response to Roberson's allegations of ineffectiveness. After considering all of the pleadings and evidence in the record, the state habeas corpus court found that the affidavits from Roberson's attorneys were "credible" and that the facts contained therein were "true." *Ex parte Roberson*, No. 74,614-02 at 113-24. The state habeas corpus court also found that Roberson's guilty plea was knowingly and voluntarily made. *See id*. at 118. The state habeas corpus court also found that, by pleading guilty, Roberson waived his right to a trial and that he failed to otherwise demonstrate ineffective assistance of his counsel in connection with his attorney's pretrial preparation. *See id.* at 119. With respect to the witness statements provided by Roberson, the state habeas corpus court concluded that the statements did not constitute "newly discovered evidence" or prove that Roberson was actually innocent of sexually assaulting the complainant. *Id.* Finally, the state habeas corpus court found that Roberson's plea of true to the motion to adjudicate was also voluntarily made with the knowledge that he would have no right to appeal. *See id*. at 120. The state habeas corpus court concluded, therefore, that Roberson was not denied the effective assistance of counsel in connection with that proceeding. *See id*. Accordingly, the state habeas corpus court recommended that Roberson's application be denied. *See id.* The Texas Court of Criminal Appeals agreed and denied Roberson's application, without a written order or a hearing, based on the trial court's findings. *See Ex parte Roberson*, No. 74,614-02 (Tex. Crim. App. Nov. 10, 2010).

Roberson, who remains in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"), now challenges his conviction under 28 U.S.C. § 2254. Here, as in state court, Roberson alleges that his defense counsel (Curry) was ineffective because (1) she did not conduct an adequate pretrial investigation or (2) compel the attendance of witnesses in his favor. As a result, Roberson complains that he was denied the opportunity to present evidence of his actual innocence. Roberson also claims that he was denied his right to appeal the adjudication of his guilt because Escobedo did not advise him of this right. [Doc. # 1, *Petition*, at 7-8]. The respondent has filed a motion for summary judgment arguing that Roberson's claims are without merit and that his petition must be denied. [Doc. # 8]. The parties' contentions are discussed further below under the governing federal habeas corpus standard of review.

## II.    STANDARD OF REVIEW

Motions for summary judgment are typically governed by Rule 56 of the Federal Rules of Civil Procedure. In this instance, the respondent's summary-judgment motion must be determined in compliance with the federal habeas corpus statutes. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002); *see also Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Federal habeas corpus proceedings filed after April 24, 1996 are governed by provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). To the

extent that the petitioner's claims were "adjudicated on the merits" in state court, the AEDPA standard found at 28 U.S.C. § 2254(d) applies.[2]

Claims presenting pure questions of law and mixed questions of law and fact are governed by 28 U.S.C. § 2254(d)(1), which precludes habeas relief unless a petitioner demonstrates that the state court's decision to deny a claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1); *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *See Brown v. Payton*, 544 U.S. 133, 141 (2005). Under this standard, an unreasonable application is more than merely incorrect or erroneous; rather, the state court's application of clearly established law must be "objectively unreasonable." *Williams*, 529 U.S. at 409.

---

[2] In addition, pre-AEDPA precedent forecloses habeas corpus relief if any of the following circumstances are present: (1) the claim is barred as a consequence of the petitioner's failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722 (1991); (2) the claim seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989); or (3) the claim asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

The Supreme Court has clarified that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1398 (2011). Additional limitations on federal review apply. A state court's findings of fact are presumed to be correct on federal habeas review, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). Where pure questions of fact are concerned, a petitioner is not entitled to relief unless he demonstrates that the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2); *see also Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008).

As this deferential standard reflects, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (quotation omitted). In that respect, the AEDPA standard "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state court proceedings." *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786 (2011). The Supreme Court has underscored the extent of this deferential standard:

> [28 U.S.C. § 2254(d)] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332, n.5, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 131 S. Ct. at 786-87. The deferential AEDPA standard of review applies even where the state court fails to cite applicable Supreme Court precedent or fails to explain its decision. *See Early v. Packer*, 537 U.S. 3, 7 (2002); *see also Richter*, — U.S. —, 131 S. Ct. at 785 (confirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'"). Thus, a federal habeas corpus court's inquiry is not altered where the state court denies relief without a written opinion. *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003). The petitioner's claims are examined below under the applicable legal standard.

### III. DISCUSSION

#### A. Ineffective Assistance of Counsel Prior to Trial

Roberson's primary claim is that his trial attorney, Marcelyn Curry, failed to conduct an adequate pretrial investigation or develop a firm grasp of the facts. As a result of his counsel's inadequate performance, Roberson complains that his attorney failed to uncover or compel the attendance of witnesses who would have testified that the complainant was a

8

liar and that the charges against him were false. The respondent observes that none of the claims raised by Roberson challenge the validity or the voluntary and knowing character of his guilty plea. Because Roberson does not challenge the validity of his guilty plea, the respondent contends that Roberson has waived the ineffective-assistance claims lodged against his trial attorney.

It is well established that "[a] guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). In that respect, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). A guilty plea may not be set aside merely because the defendant made what turned out, in retrospect, to be a poor deal. *See Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005). Rather, a guilty plea may be challenged only on the grounds that it was made on the constitutionally defective advice of counsel or that the defendant could not have understood the terms of his plea bargain. *See id.* (citations omitted). This means that, by voluntarily pleading guilty to an offense, a criminal defendant waives all non-jurisdictional defects preceding the plea. *United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993). This includes those claims for ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (citations omitted); *see also United States v. Glinsey*, 200 F.3d 386, 392 (5th Cir. 2000).

The record shows that, on January 26, 2009, Roberson appeared in open court and entered a guilty plea to the aggravated sexual assault charges against him in cause number 1136749. In connection with that plea, Roberson executed a written judicial confession to the charges against him. *See Ex parte Roberson*, No. 74,614-02 at 140-41. The judicial confession is accompanied by a series of written admonishments regarding the range of punishment and the consequences of Roberson's guilty plea. *See id*. at 142-49. Roberson also signed written admonishments explaining the "sex offender registration requirements" that he was obligated to comply with. *See id*. at 150-52. The written plea agreement is signed by Roberson, the prosecutor, and Roberson's defense attorney, who reported that Roberson's decision was "knowingly and voluntarily" made after fully discussing the consequences. Based on these representations, the trial court found that the guilty plea was "knowingly and voluntarily" made by Roberson after discussing the terms and consequences with his attorney. *See id*. at 141.

The state habeas corpus court reviewed the record at length and found that Roberson's decision to plead guilty was "knowingly, intelligently, and voluntarily" done. *Ex parte Roberson*, No. 74,614-02, at 118. The state habeas corpus court noted in particular that Roberson executed a written plea agreement and that he made no effort to "overcome the presumption of regularity concerning his guilty plea," as documented by the record of proceedings. *Id.* at 119 (citing *Wilson v. State*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986); *Fuentes v. State*, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985)).

Official court records, such as the judicial confession executed by Roberson, the prosecutor, defense counsel, and the trial court, "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081-82 (5th Cir. 1985) (citations omitted). Likewise, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge* ); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) ("Although their attestations to voluntariness are not an absolute bar to raising this claim, appellants face a heavy burden in proving that they are entitled to relief because such testimony in open court carries a strong presumption of verity."). Representations made by the defendant, his lawyer, and the prosecutor at a plea hearing, as well as the findings made by the trial judge accepting the plea, constitute a formidable barrier to any subsequent collateral attack. *See Blackledge*, 431 U.S. at 73-74.

Roberson makes no effort to vault the substantial barrier imposed by his guilty plea. In that regard, Roberson does not allege or show that his guilty plea was involuntarily or unknowingly made. More importantly, Roberson does not claim that, but for his counsel's failure to adequately investigate or prepare for trial, he would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This is fatal to his claims. Absent a claim that his guilty plea was uninformed, involuntary, or induced by constitutionally defective advice of counsel, the ineffective-assistance claims

11

against his trial attorney are waived as the result of Roberson's presumptively valid guilty plea. *See Mabry*, 467 U.S. at 508; *see also Smith*, 711 F.2d at 682 (observing that a voluntary guilty plea waives all non-jurisdictional defects, including claims of ineffective assistance of counsel that are unrelated to the guilty plea) (citations omitted).

Roberson has filed a reply to the respondent's motion for summary judgment [Doc. # 9], but he does not dispute that his decision to plead guilty was voluntary and he does not otherwise show that he is entitled to "escape the rules of waiver" under the circumstances of this case. *Premo v. Moore*, — U.S. —, 131 S. Ct. 733, 741-42 (2011) (rejecting an ineffective-assistance claim that was unconnected to a defendant's decision to plead guilty). Roberson has not demonstrated that the state court's decision to reject his claim was objectively unreasonable or that the decision was based on an unreasonable determination of the facts. Accordingly, Roberson is not entitled to relief from his guilty plea.

**B.     Roberson's Claim of Actual Innocence**

Alternatively, to the extent that Roberson complains that he was prevented from presenting evidence of his actual innocence as a result of his trial attorney's ineffectiveness, the respondent maintains that this claim does not merit relief. Roberson's claim that the charges against him were "false" rests on the statements provided by Monique Moore, Monica Moore, Ashley Williams, and Gabrielle Roberson, each of whom assert that the complainant was a known liar. The respondent notes that the statements are not "new evidence" because Roberson had this information prior to making his guilty plea. The

respondent also correctly notes that an actual-innocence claim of the type Roberson attempts to make is not cognizable on federal habeas corpus review.

A claim of actual innocence, standing alone, is not a cognizable ground for relief on federal habeas corpus review. As the Supreme Court has explained, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Instead, a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred constitutional claim considered on the merits." *Id.* at 404. A petitioner seeking to surmount a procedural default through a showing of "actual innocence" must support his allegations with new, reliable evidence that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). *See also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup v. Delo*).

Importantly, the state habeas corpus court rejected Roberson's claim of actual innocence, observing that Roberson did not present any "newly discovered evidence" of his innocence. *Ex parte Roberson*, No. 74,614-02 at 116. The state habeas corpus court concluded further that Roberson failed to show that he was innocent or that, "despite the evidence of guilt that supports the conviction, no reasonable juror could have found [him]

guilty in light of the new evidence." *Id.* at 219 (citing *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006) (citations omitted)).

Roberson does not present any proof of actual innocence here and the record does not contain evidence that meets that criteria. In that respect, the statements from Monique Moore, Monica Moore, Ashley Williams, and Gabrielle Roberson establish, at most, a credibility issue concerning the complainant's allegation of sexual abuse. Roberson, who pleaded guilty to the aggravated sexual assault charges against him, does not otherwise allege facts showing that he did not commit the charged offense. Under these circumstances, Roberson does not demonstrate that the state court's decision was based on an unreasonable determination of the facts or show that he is entitled to relief. *See* 28 U.S.C. § 2254(d)(2). In that respect, even assuming that such a claim is cognizable, Roberson falls far short of the more stringent standard of proof needed to make a stand-alone claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390 (1993). *See House*, 547 U.S. at 555 (finding that the petitioner fell short of the "extraordinarily high" threshold showing necessary to make a claim of actual innocence under *Herrera*). Because Roberson does not establish a cognizable claim, the respondent is entitled to summary judgment on this issue.

### C. The Adjudication of Roberson's Guilt and His Right to Appeal

Roberson also claims that he was denied his right to appeal after he was adjudicated guilty of aggravated sexual assault. As outlined above, Roberson was initially placed on deferred adjudication community supervision after he entered a guilty plea on January 26, 2009. Subsequently, the State filed a motion to revoke and to adjudicate Roberson's guilt

after he violated the terms of his supervised release by having sexual contact with a minor. On March 17, 2009, the trial court granted the State's motion to adjudicate guilt and imposed a 6-year term of imprisonment after Roberson admitted that the asserted violations were "true." Roberson does not contend that his decision to enter a plea of true was invalid or involuntarily made. Roberson complains, nevertheless, that his attorney failed to advise him of his right to appeal the adjudication of his guilt. Thus, Roberson claims that he was denied his right to appeal as a result of his attorney's deficient performance.

A claim of ineffective assistance in connection with an appeal is governed by the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), which ordinarily requires the defendant to establish both constitutionally deficient performance and actual prejudice. *See Smith v. Murray*, 477 U.S. 527, 535-36 (1986) (applying *Strickland* to a claim of ineffective assistance of counsel on appeal). However, "[w]here counsel's failure to advise a criminal defendant of his appellate rights causes the defendant to lose the right to appeal his conviction or sentence, prejudice is presumed, and relief does not depend upon whether the defendant would have been able to raise meritorious issues on appeal." *White v. Johnson*, 180 F.3d 648, 650 (5th Cir. 1999).

Roberson's claim concerning his right to appeal was raised and rejected on state habeas corpus review. During that proceeding, Roberson's counsel (Sylvia Escobedo) provided an affidavit in response to his allegation of ineffective-assistance. Escobedo explained that, after discussing the State's motion to adjudicate guilt with Roberson, he

agreed to waive his right to a hearing and his right to appeal in exchange for a 6-year prison sentence:

> . . . My practice is to always explain all of the plea paperwork in detail, and I allow [my clients] to read the documents themselves. [In addition,] I read all of the documents to my clients. With a motion to adjudicate, I always ask them if they have received a copy of the motion, and I give them a copy of the motion if they have not. I specifically remember this case, and I remember discussing the allegation in detail with this client, Mr. Roberson. He agreed to sign an agreed plea for 6 years [in] TDCJ, he waived his right to a hearing before the judge on the motion to adjudicate, and he agreed to waive his right to appeal the sentence. I explained that he had a right to have a hearing on the motion to adjudicate before the judge. Mr. Roberson did not want a hearing, and wanted to enter a plea agreement with the State for 6 years TDCJ.

*Ex parte Roberson*, No. 74,614-02 at 74-75. Escobedo added that she specifically advised Roberson that "he had no right to appeal this plea agreement" when he elected to enter a plea of true. *Id.* at 75. Escobedo noted that Roberson understood everything that was discussed and that he "knowingly and voluntarily" entered his plea of true to the State's motion to adjudicate guilt in exchange for a 6-year prison sentence. *Id.*

The state habeas corpus court found that the facts asserted by Escobedo were true and that her affidavit was credible. *Ex parte Roberson*, No. 74,614-02 at 116. Based on Escobedo's credible affidavit, the state habeas corpus court found that Escobedo explained to Roberson that he had no right to appeal because of his decision to plead true to the allegations lodged against him in the State's motion to adjudicate guilt. *Id.* at 117. The state habeas corpus court found further that Roberson "entered his plea of true to the motion to adjudicate freely, knowingly and voluntarily." *Id.* The state habeas corpus court concluded, therefore, that Roberson failed to show that Escobedo's conduct fell below an objective

standard of reasonableness or that his counsel's conduct was deficient. *See id.* at 119 (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the *Strickland* standard in Texas); and *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (defining the two-part *Strickland* standard).

The state habeas corpus court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (quoting 28 U.S.C. § 2254(e)(1)). Roberson makes no effort to rebut the state court's findings of fact, which are supported by the record. In that respect, the plea agreement reflects that Roberson waived his right to appeal when he entered his guilty plea. *See Ex parte Roberson*, No. 74,614-02 at 124. The judgment adjudicating Roberson's guilt expressly notes that Roberson "waived" an appeal. *Id*. at 175. In that judgment, the trial court further certified that "no permission to appeal [would be] granted." *Id.*

Roberson does not demonstrate that his guilty plea or his plea of true were involuntary. Roberson does not otherwise show that he had a right to appeal as a matter of law. *See* TEX. R. APP. P. 25.2(a)(2); *Ex parte Broadway*, 301 S.W.3d 694, 697-98 (Tex. Crim. App. 2009) (discussing the limitation on a defendant's right to appeal following a negotiated plea); *Ex parte Reedy*, 282 S.W.3d 492, 501 (Tex. Crim. App. 2009) (same). It follows that Roberson cannot demonstrate that his counsel was deficient or that he was actually prejudiced as a result of his counsel's performance. *See White*, 180 F.3d at 653. Based on this record, Roberson fails to show that he was denied an appeal as the result of his

counsel's deficient performance and he does not otherwise establish that the state court's decision to deny relief was objectively unreasonable. Accordingly, the respondent is entitled to summary judgment on this issue and the petition must be denied.

## IV. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the

petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that reasonable jurists would not debate whether the petition should have been resolved in a different manner. Likewise, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim of the denial of a constitutional right. Therefore, a certificate of appealability will not issue.

## V. CONCLUSION AND ORDER

Based on the foregoing, the court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 8] is **GRANTED**.

2. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>July 7</u>, 2011.

_____
Nancy F. Atlas
United States District Judge